# Peavey, *et al. v.* Peavey, *et al.*

*Bill for Partition.*

(Decided November 7, 1914. 66 South. 474.)

*Partition; Evidence; Ownership.*—The evidence examined and held too indefinite to overcome the presumption of title raised from possession and ownership in the respondent, and hence, not to entitle complainant to relief.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by S. M. Peavey and others, against John T. Peavey and others, for the sale of land for division. Decree for respondents and complainants appeal. Affirmed.

FRANK W. LULL, for appellant.

J. M. HOLLEY, for appellee.

DE GRAFFENRIED, J.—The only question in this case is one of fact. It is claimed by complainants that the land described in the bill of complaint belonged to Matilda Peavey, the mother of James Peavey, at the time of her death. Respondents claim that this is not true, but that the lands, since they came into the Peavey family, have always belonged to James Peavey. Matilda Peavey went on this land in 1868 or 1869, with her family. So did James Peavey, the son. The family is shown to have been poor, and James Peavey and his family always resided upon and cultivated the land, not only during the life of the mother, but after the death of the mother, until the death of James Peavey. So far as the evidence goes, the lands were always as-

sessed for taxation by James Peavey in his name. He seems to have executed at least three mortgages on the lands, in which he declares that the lands belonged to him. The complainants were out of possession of the lands when the bill was filed. The respondents were when the bill was filed, and certainly had been for some time before filing the bill, in possession of the lands, claiming them as their own in fee simple.

It is impossible to tell from the testimony in the case, with any degree of certainty, whether Matilda Peavey ever in fact claimed to own these lands, or whether her son, who was a grown man, bought the land and moved his mother and her dependent family on the lands, and acted as their protector until his mother's death. There is some testimony tending to support both theories. One fact we do know with certainty, and that is that the respondents, when this bill was filed, were in actual possession of the lands, claiming them as their own. Presumptively, therefore, the title is in them, and the burden was on complainants to overcome this presumption by evidence. The evidence for the complainants is too vague and unsatisfactory for us to hold that they have met this presumption of the law. The chancellor came to this conclusion, and we are of the opinion that he rendered that decree which the uncertain evidence in this case as to the true status of the title required him to render. The decree of the chancellor is therefore affirmed.

Affirmed.

McClellan, Sayre, and Gardner, JJ., concur.